## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## PALM BEACH DIVISION

HAROLD GOLDBERG on behalf of himself      CASE NO.
and all others similarly-situated,

                   Plaintiff,            **CLASS ACTION**

vs.

AMERICAN TRAFFIC SOLUTIONS, INC., ATS
CONSOLIDATED, INC., AMERICAN TRAFFIC
SOLUTIONS, LLC, and AMERICAN TRAFFIC
SOLUTIONS CONSOLIDATED LLC,

              Defendants.

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

1. Plaintiff Harold Goldberg, on behalf of himself and all other similarly situated, brings

this Class Action Complaint against American Traffic Solutions, Inc., ATS Consolidated, Inc.,

American Traffic Solutions LLC, and American Traffic Solutions Consolidated LLC

(collectively "Defendants" or "ATS") challenging the unreasonable and unlawful review and

issuance of Notices of Violation ("NOVs") and Uniform Traffic Citations ("UTCs") by

Defendants under the color of law with respect to Plaintiff and other similarly-situated drivers

who received NOVs and UTCs based on information obtained from red light cameras installed

and operated by Defendants.

2. ATS, a private and for-profit vendor, installs and operates red light cameras, among

other traffic monitoring tools. On information and belief, in or about 2008, ATS began to

contract with various Florida municipalities and counties to provide, install, and monitor red

light camera equipment. Approximately 70 Florida municipalities and counties have contracted with ATS to provide such services.

3. Only ATS reviews all images taken by a red light camera; Traffic Infraction Enforcement Officers ("TIEOs") within the municipalities or counties review the images ATS determines, in its sole discretion, should be forwarded to a TIEO. If the TIEO hits "Accept," ATS sends a NOV via certified mail to the registered owner of the vehicle in the image or video. If a driver who receives an NOV fails to pay the fine by the due date, ATS automatically issues a UTC without any further review or involvement by a TIEO.

4. These practices are in direct contravention of Florida Statute Section 316.0083(1)(a), which strictly requires the TIEO to review the red light camera images and only TIEO to issue the NOVs and UTCs.

5. That is not to say that a municipality or county can never contract with an independent contractor to run a red light program, as long as the municipality or county itself exercises its statutory duty to review and supervise the NOVs and UTCs issued and issues the NOVs and UTCs itself.

6. ATS, acting as a contractor to and agent for various Florida municipalities and counties, under color of state law, violated Plaintiffs' right to due process of law under the U.S. Constitution.

7. ATS's actions under the color of law are improper and illegal. The fact that these practices contravene the Florida Statute was confirmed in *City of Hollywood v. Arem*, No. 4D12–1312, 2014 WL 5149159, at *4 (Fla. Dist. Ct. App. Oct. 15, 2014).

8. Plaintiffs bring this class action on behalf of themselves and all other similarly-situated individuals (or their guardians or representatives) and entities who received NOVs and/or UTCs

pursuant to Defendant ATS's improper and illegal conduct and who either paid the statutory fines or still owe said fines.

## I.    PARTIES, JURISDICTION, AND VENUE

9. This is a class action for damages that exceed $5,000,000, exclusive of interest and costs.

10. Plaintiff Harold Goldberg is a citizen and resident of Florida, over the age of eighteen, and otherwise *sui juris*.

11. Defendant American Traffic Solutions, Inc. is a Kansas corporation with its primary place of business located at 7681 East Gray Road, Scottsdale, Arizona. It is one of the two largest traffic camera vendors/operators in the United States and conducts significant business in Florida, including the operation of thousands of red light cameras in Florida. ATS is engaged in substantial, continuous, systematic, and non-isolated business activity within the state of Florida. It is subject to personal jurisdiction in the state of Florida because it regularly conducts business in the state of Florida and committed the unlawful acts alleged herein in the state of Florida. On its website, ATS openly acknowledges its affiliation with the state of Florida and in fact uses the affiliation as a marketing tool.

12. Defendant ATS Consolidated, Inc. is a Delaware corporation with its primary place of business located at 7681 East Gray Road, Scottsdale, Arizona. American Traffic Solutions, Inc. is a subsidiary of ATS Consolidated, Inc.

13. Defendant American Traffic Solutions LLC is a Delaware limited liability company with its primary place of business located at 7681 East Gray Road, Scottsdale, Arizona.

14. Defendant American Traffic Solutions Consolidated LLC is a Delaware limited liability company with its primary place of business located at 7681 East Gray Road, Scottsdale, Arizona.

15. On information and belief, all the foregoing entities are jointly financially controlled by one another and are the alter ego of each other. Therefore, each is jointly and severally liable for all damages due the Plaintiffs and all Class members.

16. At all times relevant herein, ATS was acting as a contractor to and agent for various Florida municipalities and counties, acting under color of state law by, among other things, performing red light camera installation and maintenance among other public, governmental, and/or municipal functions, including but not limited to issuing NOVs and UTCs to class members. Defendant ATS was therefore acting under color of state law for the purposes of 42 U.S.C. § 1983.

17. This Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. § 1332 (d) (diversity of citizenship), and 28 U.S.C. § 1343 (original jurisdiction for actions under 42 U.S.C. § 1983).

18. Venue is proper within this District because a substantial part or all of the events giving rise to the claims occurred and continue to occur in this District.

## II.    FACTUAL ALLEGATIONS

### A.    Florida Red Light Statutes and Use of Cameras

19. Red light cameras involve an integrated system of a camera, or multiple cameras, and vehicle sensors working in conjunction with a traffic control signal. The system is designed to capture images and video of vehicles disobeying certain traffic violations—specifically, "running a red light." The cameras are meant to record images and video of vehicles that appear to be

violating red light statutes so that citations can be mailed to the registered owner or lessee of the recorded vehicle.

20. Red light cameras can be used to enforce violations of two Florida statutes: sections 316.074(1) and 316.075(1)(c)1. Section 316.074(1) requires, in relevant part, that drivers "obey the instructions of any official traffic control device," including red lights. Section 316.075(1)(c)1 requires drivers to stop at a crosswalk, if there is one, or before entering an intersection until the light turns green.

21. Although red light cameras were first used in Florida in or about 2008, in 2010 the Florida Supreme Court held that the ordinances pursuant to which violations were issued prior to July 1, 2010 were preempted by state law. The Florida legislature responded by passing the Mark Wandall Traffic Safety Act, which authorized the use of red light traffic infraction detectors by local governments and the Florida Department of Highway Safety and Motor Vehicles effective July 1, 2010. This Complaint addresses only violations issued after July 1, 2010.

22. The Mark Wandall Traffic Safety Act grants traffic infraction enforcement officers ("TIEOs") the power to enforce red light violations under sections 316.074(1) and 316.075(1)(c)1 of the Florida Statutes. The Act further authorizes TIEOs to "review . . . information from a traffic infraction detector" before "the traffic infraction enforcement officer" issues a citation for violations. Fla. Stat. § 316.0083(1)(a) (2010).

### B.    Contracts with ATS

23. Red light cameras were installed by ATS in Florida beginning in or about 2008. ATS was retained by various municipalities and counties to install and operate its systems. Among the municipalities and counties serviced by ATS include but are not limited to:

- Aventura;
- Boynton Beach;

- Clermont;

- Cocoa Beach;

- Cutler Bay;

- Davie;

- Florida City;

- Ft. Lauderdale;

- Groveland;

- Haines City;

- Hialeah Gardens;

- Hollywood;

- Juno Beach;

- Key Biscayne;

- Lauderdale Lakes;

- Margate;

- Miami;

- Miami Gardens;

- New Port Richey;

- North Miami Beach;

- Ocoee;

- Opa-locka;

- Orange Park;

- Osceloa County;

- Palatka;

- Palm Coast;

- Sarasota;

- Sweetwater;

- Tampa;

- West Palm Beach;

- Apopka;

- Bal Harbour;

- Boca Raton;

- Campbellton;

- Clewiston;

- Coral Gables;

- Doral;

- El Portal;

- Green Cove Springs;

- Gulfport;

- Hallandale Beach;

- Hillsborough County;

- Homestead;

- Kenneth City;

- Lakeland;

- Medley;

- Miami Springs;

- Milton;

- North Bay Village;

- North Miami;

- Oldsmar;

- Orange County;

- Orlando;

- Palm Beach County;

- Port Richey;

- South Pasadena;

- St. Petersburg;

- Sunrise;

- Surfside;

- Tamarac;

- Temple Terrace;

- West Miami; and

- West Park.

24. Pursuant to the contracts entered into with the municipalities and counties, ATS's responsibilities have included issuing NOVs and UTCs to alleged violators, calibrating the timing of traffic control devices, setting protocols for the language printed on citations mailed to alleged violators, and determining the intervals at which NOVs and UTCs are mailed to alleged violators.

### C.   ATS's Improperly Delegated Authority and Actions Under the Color of Law

25. ATS's contracts with municipalities and counties include the improper delegation of authority to ATS for certain decision-making powers and issuing powers that Florida law mandates be conducted by TIEOs.

26. ATS reviews recorded images and video from red light cameras to "mak[e] an initial determination of whether Recorded Images should be forwarded to the Traffic Infraction Enforcement Officer to determine whether a Violation has occurred and shall not forward for processing those Recorded Images that clearly fail to establish the occurrence of a Violation." Only ATS reviews all images taken by a red light camera; TIEOs review the images ATS determines, in its sole discretion, should be forwarded to a TIEO.

27. Images that ATS determines should be forwarded to a TIEO are sent to the contracting municipality or county via an ATS computer program that permits review of approved images and video. The TIEO may then authorize enforcement of the potential violation by clicking "Accept" in the computer program. If the TIEO hits "Accept," ATS populates a citation, which includes a computer-generated copy of the TIEO's signature and badge number. ATS sends the citation via certified mail to the registered owner of the vehicle in the image or video. A duplicate of the citation is sent to the county court clerk.

28. The NOV contains a statement that the violation was issued by the contracting municipality or county.

29. The NOV declares that the contracting municipality or county reviewed the recorded images and video of the alleged violation at its processing center for "Intersection Safety Program" at PO Box 22091, Tempe, AZ 85285-2091. The NOV has an imprinted signature of the "officer" issuing this violation, identifying the name and badge identification of the TIEO.

30. The statutory fine for an NOV is $158.

31. If a driver who receives an NOV fails to pay the fine by the due date, ATS automatically issues a UTC without any further review or involvement by a TIEO.

32. The statutory fine for a UTC is $277.

33. If a driver fails to pay the UTC by the due date, the violation goes to collections and doubles in price.

34. Both practices are in direct contravention of Florida Statute section 316.0083(1)(a), which requires in relevant part:

. . . [A] traffic infraction detector [may be reviewed] by an authorized employee or agent of the department, a county or a municipality before *issuance* of the traffic citation *by the traffic infraction enforcement officer.*

(Emphasis added). In practice, the TIEO reviews only curated images from red light cameras, and both NOVs and UTCs are issued by ATS.

35. The Florida Supreme Court has held that traffic statutes are to be strictly construed and cannot be varied by a local government by ordinance or contract without express authorization from the legislature. *Masone v. City of Aventura*, 39 Fla. L. Weekly S406 (Fla. 2014).

36. Although section 316.0083(1)(a) of the Florida Statutes authorizes the use of red light cameras to enforce violations, its language specifically requires that a TIEO review the alleged violation and issue any NOV or UTC arising out of the alleged violation. The statute makes clear that only a TIEO is to review images or video to determine whether a violation has occurred—there is no carve-out for a vendor to perform a preliminary analysis. ATS's actions under the color of law, therefore, are improper and illegal.

37. In its decision in *City of Hollywood v. Arem*, the 4th District Court of Appeals confirmed that ATS's actions contravened section 316.0083(1)(a). In its holding, the Court held that citations issued by the City of Hollywood using ATS do not comply with the statute and, therefore that there was no authority to issue the citation at issue. As a result, the Court affirmed the dismissal of the citation as the proper remedy. 2014 WL 5149159, at *6.

**D.** **Plaintiff Harold Goldberg Experience with ATS**

38. On or about July 17, 2011, Plaintiff Harold Goldberg was driving his car and was photographed by an ATS camera for allegedly "fail[ing] to comply with a steady red signal" at

EB SW 22nd Street/SH972 at SW 27th Avenue/Florida 9 in Miami-Dade County, Florida. He is the registered owner of the vehicle photographed, received a NOV from ATS in the amount of $158.

39. The NOV bore the name and badge number of an officer, and included an affirmative representation that "[t]he traffic enforcement officer named above has reviewed the recorded images evidencing the red light signal infraction, has identified the license tag number of the violating vehicle and has found reasonable and probable grounds that a violation has been committed."

40. Mr. Goldberg paid the citation in the amount of $158 before the due date of August 22, 2011.

**E.    Plaintiffs and All Class Members Have Been Issued Tickets That Are Unenforceable**

41. The NOVs sent out by ATS bear an attestation and affirmance, under color of law, that a TIEO has reviewed the recorded images and identified the license plate number of the allegedly violating vehicle and therefore has found reasonable and probable grounds that an offense has been committed, resulting in the violation charged. UTCs similarly bear an attestations and affirmances, giving them the imprimatur of being from the municipality or county from which it purported to be issued. In fact, both NOVs and UTCs are initially reviewed and ultimately issued by ATS.

42. Plaintiffs received NOVs and UTCs and did not know that the tickets were issued in a manner inconsistent with statutory requirements. Because of the foregoing unlawful conduct, the tickets were not enforceable and Plaintiffs were wrongfully asked or actually induced to pay fines.

## III.    CLASS ACTION ALLEGATIONS

43. Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1 through 42.

44. Pursuant to Federal Rule of Procedure 23(b)(2) and (3), Plaintiffs bring this action on behalf of themselves and a class of all persons similarly situated and as defined as follows:

> All individuals (or their guardians or representatives) and entities who received a traffic NOV or UTC in Florida as a result of an image or video taken from a red light camera administered by ATS from July 1, 2010 through the present and who either paid the statutory fine or still owe the fine.
>
> Excluded from the Class are Defendants, any officers or directors thereof, together with the legal representatives, heirs, successors, or assigns of any Defendant, and any judicial officer assigned to this matter and his or her immediate family.

45. This action has been brought and may properly be maintained as a class action as it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements. Plaintiffs seek to represent an ascertainable Class with a well-defined community of interest in the questions of law and fact involved in this matter.

46. Although the precise number of Class members is unknown and can only be determined through appropriate discovery, Plaintiffs believe and, on that basis, allege that the proposed class is so numerous that joinder of all members would be impracticable. Based on the number of NOVs and UTCs issued in Florida since July 1, 2010 and the number of municipalities and counties that contracted with ATS to administer their red light camera programs, it is apparent that hundreds of thousands of drivers have been issued NOVs and UTCs in violation of state law as referenced herein such that the number of individual plaintiffs would make joinder impossible.

47. Questions of law and fact common to the Plaintiff Class exist that predominate over questions affecting only individual members, including *inter alia*:

a) Whether the red light camera program uses a ticket processing/issuing system that gave ATS discretion to issue NOVs and UTCs under the color of law;

b) Whether the red light camera program violates constitutional protections under the U.S. Constitution (including but not limited to the due process clause);

c) The extent to which revenue is shared, and on what basis, between ATS and the contracting municipality or county;

d) The extent to which a TIEO participates in the process of identifying a violation, sending out a notice, and collecting any fines;

e) The extent to which a TIEO participates in related enforcement and/or collection activities with respect to unpaid violations;

f) The extent to which any municipalities or counties have ceded their authority and police power to ATS;

g) Whether the class is entitled to an order enjoining ATS from continuing to operate the red light camera program until the program complies with Florida state and federal laws, rules, and regulations with respect to the issuing and processing of alleged violations, as well as U.S. constitutional protections;

h) Whether the class is entitled to an order establishing a court-supervised program to carry out an audit and refund class members who suffered injury as a result of the unlawful red light camera program; and

i) Whether Defendants' conduct injured the putative Class members and, if so, the extent of the damages.

48. Plaintiff is a member of the putative Class. The claims asserted by the Plaintiff in this action are typical of the claims of the members of the putative Class, as the claims arise from the same course of conduct by Defendants and the relief sought is common. Defendants issued Plaintiff an NOV pursuant to an improper and illegal delegation of power in direct contravention of Florida state and federal law and U.S. constitutional protections. Plaintiff was asked to pay, and did pay, an NOV that was unenforceable as a matter of law and were damaged by such payments. Class members who have not yet paid a NOV or UTC pursuant to this scheme should receive express notice relieving them of any adverse consequences for nonpayment.

49. Plaintiff will fairly and adequately represent and protect the interests of the members of the putative Class, as his interests are coincident with, not antagonistic to, the other Class members'. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

50. Certification of the Class is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3) because Defendants have acted with respect to the Class in a manner generally applicable to each Class member, there is a well-defined community of interest in the questions of law and fact involved in the action, which affect all class members, and questions of law or fact common to the respective members of the Class predominate over questions of law or fact affecting only individual members. This predominance makes class litigation superior to any other method available for the fair and efficient adjudication of these claims including consistency of adjudications. Absent a class action, it would be highly unlikely that the members of the Class would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed the expected recovery.

51. A class action is an appropriate method for the adjudication of the controversy in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense, and the burden on the courts that individual actions would create.

52. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of the class action.

## COUNT 1 – Violation of 42 U.S.C. § 1983

53. Plaintiff re-alleges and reaffirms herein all of the allegations contained in paragraphs 1 through 52.

54. Plaintiff is a driver who is a citizen of and resides in Florida.

55. Plaintiff has a property interest in not being requested or compelled to pay improper and illegal fines.

56. At all relevant times, ATS was a contractor retained by various municipalities and counties in Florida to perform public, governmental functions, including issuing NOVs and UTCs for alleged traffic violations to such an extent as to support a determination that ATS was acting under color of state law when it performed the actions described herein.

57. ATS undertook the challenged conduct pursuant to express contractual provisions regarding the issuance of tickets.

58. ATS, while acting under the color of state law, denied Plaintiff (and the Class) their property interests by issuing NOVs and UTCs in violation of the law and, as to some Class members, collecting fines related to same.

59. ATS's actions violated clearly established constitutional rights that have existed in the United States since the drafting of the Constitution—specifically, the right to due process of law under the Fourteenth Amendment. Accordingly, the constitutional property rights were clearly established at the time ATS deprived the Plaintiff and Class of said rights. And ATS subjected, or caused others to subject, the Plaintiff and the Class to the deprivation of substantive and procedural constitutional rights described more fully herein.

60. Given the conduct described above, Plaintiff's and the Class's rights to substantive due process (here Plaintiff's and the Class's Fourteenth Amendment rights not to have their property—money—taken or be subject to attempts to take their property notwithstanding that the grounds for such taking or attempts to take their property is violative of the law) were violated by ATS, which was acting under the color of state law.

61. Given the conduct described above, Plaintiff's and the Class's rights to procedural due process (without limitation, a means by which Plaintiff and the Class could receive sufficient notice, the right to an impartial arbiter, the right to give testimony and admit relevant evidence at hearings regarding the legality of the delegation of authority to ATS and ATS's authority to issue NOVs and UTCs) were violated by ATS, which was acting under the color of law.

62. As a direct and proximate result of ATS's violation of 42 U.S.C. § 1983, Plaintiff has suffered injuries and damages.

### COUNT 2 – Violation of the Florida Deceptive and Unfair Trade Practices Act

63. Plaintiff re-alleges and reaffirms herein all of the allegations contained in paragraphs 1 through 62.

64. In Florida, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

65. Plaintiff, individually, and the members of the putative Class are "consumers" within the meaning of Florida Statute Section 501.203.

66. Defendants' practice of issuing, attempting to collect, and in many cases, actually collecting fines for red light violations as a result of an improper delegation of authority constitutes unfair, deceptive, or unconscionable trade practices in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA") as provided by §§ 501.201-.213, Florida Statutes.

67. Failure to disclose material information may cause deception within the meaning of FDUPTA. Such deception has occurred here as Defendants have failed to disclose important material information concerning the source of the tickets issued, including listing TEIOs' names and badge numbers, as well as the name of the municipality or county in which the alleged violation occurred, on NOVs and UTCs. As a result, the NOVs and UTCs issued by ATS bear the imprimatur of being from the municipality or county in which the alleged violation took place when in fact they are issued by ATS.

68. Defendants engage in the unfair and deceptive trade practices described herein in violation of Section 316.0083 of the Florida Statutes, which mandates that a TIEO review and issue a violation detected by a red light camera.

69. Defendants practices regarding the issuance and collection of NOVs and UTCs are unconscionable and constitute unfair and deceptive methods of competition in violation of one or more of the following:

a) The standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or by the federal courts, as set forth in FDUPTA, §§ 45(a)(1) and

incorporated into FDUPTA under § 501.204(2), or the law against unfair and deceptive trade practices as set forth in FDUPTA § 501.203(3)(c); and/or

b) The law against unfair and deceptive trade practices set forth in 15 U.S.C. § 45(a)(1) and incorporated into FDUPTA under § 501.204(2), or the law against unfair and deceptive trade practices as set forth in FDUPTA § 501.203(3)(c).

70. Defendants' conduct amounts to "unfair" business practices insofar as Defendants have no authorization under the statute to send NOVs or UTCs.

71. Defendants' conduct also constitutes "deceptive" business practices within the meaning of FDUPTA in that Defendants fail to disclose that there is no authorization to review and issue NOVs and UTCs. Further, Defendants affirmatively state that a TIEO has reviewed and issued NOVs when in fact only curated images are reviewed by a TIEO and UTCs are automatically issued by ATS if the due date for an NOV passes.

72. As a result of these unfair and deceptive trade practices, Plaintiff individually, and the members of the putative Class, have suffered actual damages in that they have been asked to pay or actually paid fines that were issued improperly and illegally and therefore unenforceable.

73. As a result of the aforementioned conduct, Plaintiff individually, and the members of the putative Class, are entitled to permanent injunctive relief to prevent Defendants from continuing to engage in these unfair and deceptive trade practices and to stop all efforts to collect unpaid fines.

74. Pursuant to Florida Statute § 501.2105, Plaintiff individually, and the members of the putative Class, are entitled to recover costs and reasonable attorneys' fees in this action.

## COUNT 3 – Unjust Enrichment/Disgorgement

75. Plaintiff re-alleges and reaffirms herein all of the allegations contained in paragraphs 1 through 74.

76. By the acts alleged herein, ATS received a benefit from Plaintiff and the Class in the form of fines imposed on and collected from class members in the manner alleged herein.

77. The retention of that benefit by ATS would be unjust because the amounts were collected in a manner that violated the express requirements of a Florida state statute—Section 316.0083—as outlined herein.

78. By the facts alleged herein, equity demands that ATS disgorge themselves of this benefit and that the benefit be returned to Plaintiff and the Class.

## COUNT 4 – Conversion

79. Plaintiff re-alleges and reaffirms herein all of the allegations contained in paragraphs 1 through 78.

80. By their actions described above, ATS has converted the Plaintiff's property (money) in the unjustified, willful interference with property of the Plaintiff (*i.e.*, money) which deprives those entitled to the property in possession.

81. ATS wrongfully asserted dominion over Plaintiff's property.

82. As a direct and proximate result of ATS's activities, Plaintiff has been injured. ATS has received monies from the illegally obtained fines charged to Plaintiff, and Plaintiff has suffered losses in the amounts of the illegally obtained fines.

83. ATS should be required to disgorge their improperly converted profits by the Court's powers in equity.

## COUNT 5 – Declaratory Judgment

84. Plaintiff re-alleges and reaffirms herein all of the allegations contained in paragraphs 1 through 83.

85. Based on the conduct and facts alleged herein, and pursuant to 28 U.S.C. § 2202, Plaintiff seeks a class-wide order for declaratory relief, including a declaratory judgment that ATS failed to comply with the statutory requirements of Fla. Stat. section 316.0083 for lawfully issuing NOVs and UTCs and collecting fines for same from July 1, 2010 to the present, as well as a declaratory judgment that, owing to these statutory violations, ATS was not lawfully entitled to issue NOVs or UTCs in Florida during that period of non-compliance, nor to collect fines related to same.

**WHEREFORE**, Plaintiff Harold Goldberg, individually and on behalf of all others similarly situated, demand:

a) Certification of the proposed Class;

b) Appointment of the Named Plaintifs as representatives of the Class;

c) Appointment of the undersigned counsel as counsel for the Class;

d) A declaration that Defendants' actions, described fully above, violate 42 U.S.C. § 1983 and FDUPTA, and constitute conversion and unjust enrichment requiring disgorgement;

e) An order enjoining ATS and/or related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

f) An award to Plaintiff and the Class of any monies paid pursuant to the unlawful conduct set forth herein, pre- and post-judgment interest, statutory damages, compensatory damages, exemplary damages, attorneys' fees, costs, and litigation expenses, and punitive damages, as allowed by law, including § 1983;

g) An order requiring ATS to relieve any class members of the obligation to pay any outstanding fines demanded based on the unlawful conduct set forth herein;

h) Leave to amend this Complaint to conform to the evidence presented at trial;

i) Orders granting such other and further relief as the Court deems necessary, just, and proper; and

j) For such other and further relief as this Court deems just and equitable.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all matters triable as of right by a jury.

Dated: November 5, 2014

Respectfully submitted,

/s/

_____

Keith A. Goldbaum
FRIEDMAN, ROSENWASSER &
GOLDBAUM P.A.
5355 Town Center Road
The Plaza, Suite 801
Boca Raton, FL 33486
Telephone: (561) 395-5511
Facsimile: (561) 368-9274
goldboca@aol.com

Irwin B. Levin, Ind. Bar No. 8786-49
Richard E. Shevitz, Ind. Bar No. 12007-49
Lynn A. Toops, Ind. Bar No. 26386-49A
COHEN & MALAD, LLP
One Indiana Square, Ste. 1400
Indianapolis, IN 46204
Telephone:  (317) 636-6481
Facsimile: (317) 636-2495
ilevin@cohenandmalad.com
rshevitz@cohenandmalad.com
ltoops@cohenandmalad.com

*Counsel for Plaintiff*

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Harold Goldberg on behalf of himself and all others similarly-situated

**DEFENDANTS**

American Traffic Solutions, Inc., ATS Consolidated, Inc. American Traffic Solutions, LLC and American Traffic Solutions Consolidated LLC.

**(b)** County of Residence of First Listed Plaintiff  Palm Beach

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Maricopa, AZ

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:      IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Keith A. Goldbaum, Friedman, (FL Bar No. 475637),Rosenwasser & Goldbaum P.A., 5355 Town Center Rd., Suite 801, Baca Raton, FL 33486, (561) 395-5511

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
        Plaintiff

☐ 2  U.S. Government
        Defendant

☐ 3  Federal Question
        *(U.S. Government Not a Party)*

☒ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excl. Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Leave Act | | Act |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| | Med. Malpractice | | ☐ 791 Empl. Ret. Inc. | | ☐ 899 Administrative Procedure |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | **FEDERAL TAX SUITS** | Act/Review or Appeal of |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | Sentence | | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party | State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 530 General | | 26 USC 7609 | |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | |
| | Other | ☐ 560 Civil Detainee - | (Prisoner Petition) | | |
| | ☐ 448 Education | Conditions of | ☐ 465 Other Immigration | | |
| | | Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
        Proceeding

☐ 2  Removed from
        State Court

☐ 3  Remanded from
        Appellate Court

☐ 4  Reinstated or
        Reopened

☐ 5  Transferred from
        another district
        *(specify)*

☐ 6  Multidistrict
        Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
Unreasonable and unlawful review and issuance of NOVs and UTCs

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:      ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*      JUDGE  Robert N. Scola, Jr.      DOCKET NUMBER  1:14-cv-24010-RNS

DATE                    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| HAROLD GOLDBERG, on behalf of himself and all others similarly-situated | ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| AMERICAN TRAFFIC SOLUTIONS, INC., ATS CONSOLIDATED, INC., AMERICAN TRAFFIC SOLUTIONS, LLC, AND AMERICAN TRAFFIC SOLUTIONS CONSOLIDATED LLC | ) ) ) ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  American Traffic Solutions Consolidated, LLC
c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee, FL 32301-2525

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Keith A. Goldbaum, Esquire
FRIEDMAN, ROSENWASSER & GOLDBAUM P.A.
5355 Town Center Road
The Plaza, Suite 801
Boca Raton, FL 33486

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                         _____
                                                          *Server's signature*

                                               _____
                                                          *Printed name and title*


                                               _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| HAROLD GOLDBERG, on behalf of himself and all others similarly-situated <br><br> _____ <br> *Plaintiff(s)* <br> v. <br> AMERICAN TRAFFIC SOLUTIONS, INC., ATS CONSOLIDATED, INC., AMERICAN TRAFFIC SOLUTIONS, LLC, AND AMERICAN TRAFFIC SOLUTIONS CONSOLIDATED LLC <br> _____ <br> *Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  American Traffic Solutions, Inc.
c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee, FL 32301-2525

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Keith A. Goldbaum, Esquire
FRIEDMAN, ROSENWASSER & GOLDBAUM P.A.
5355 Town Center Road
The Plaza, Suite 801
Boca Raton, FL 33486

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                 *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

                                        _____
                                                *Server's signature*

                                        _____
                                                *Printed name and title*


                                        _____
                                                *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| HAROLD GOLDBERG, on behalf of himself and all others similarly-situated <br><br> _____ <br> *Plaintiff(s)* <br> v. <br> AMERICAN TRAFFIC SOLUTIONS, INC., ATS CONSOLIDATED, INC., AMERICAN TRAFFIC SOLUTIONS, LLC, AND AMERICAN TRAFFIC SOLUTIONS CONSOLIDATED LLC <br> _____ <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   American Traffic Solutions, LLC
c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee, FL 32301-2525

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Keith A. Goldbaum, Esquire
FRIEDMAN, ROSENWASSER & GOLDBAUM P.A.
5355 Town Center Road
The Plaza, Suite 801
Boca Raton, FL 33486

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.


Date: _____             _____
                                         *Server's signature*

                                    _____
                                         *Printed name and title*


                                    _____
                                         *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| HAROLD GOLDBERG, on behalf of himself and all others similarly-situated <br><br> *Plaintiff(s)* <br><br> v. <br><br> AMERICAN TRAFFIC SOLUTIONS, INC., ATS CONSOLIDATED, INC., AMERICAN TRAFFIC SOLUTIONS, LLC, AND AMERICAN TRAFFIC SOLUTIONS CONSOLIDATED LLC <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) )     Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  ATS Consolidated Inc.
c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee, FL 32301-2525

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Keith A. Goldbaum, Esquire
FRIEDMAN, ROSENWASSER & GOLDBAUM P.A.
5355 Town Center Road
The Plaza, Suite 801
Boca Raton, FL 33486

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                  *Server's signature*

                                                  _____
                                                  *Printed name and title*


                                                  _____
                                                  *Server's address*

Additional information regarding attempted service, etc: